Filed 3/21/13  In re Miguel H. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re MIGUEL H., a Person Coming Under the Juvenile Court Law. | D062108 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J224541) |
| v. | |
| MIGUEL H., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard Monroy, Judge.  Affirmed.

In June 2010, Miguel H., who was a ward of the juvenile court, admitted he had violated Penal Code section 211 (robbery).  Seven other theft-related counts were dismissed.  The court continued Miguel as a ward, placed him on probation with standard enumerated terms and conditions, and committed him to a one-year Breaking Cycles program.

In September 2010, Miguel admitted he had violated two conditions of his probation: wearing gang clothing and violating his curfew. The court continued the previous commitment to Breaking Cycles and required him to complete 45 days of house arrest under an electronic surveillance program. In December 2010, Miguel admitted violating three other conditions of probation. The court continued the disposition for three months so it could evaluate how Miguel performed under the probation department's highest level of supervision. In March 2011, Miguel admitted six violations of probation conditions. On the same day, the court committed him to the Youthful Offender Unit for a maximum period of 480 days.

Miguel was released from the unit on December 20, 2011. A week later he was arrested for vandalism and charged with a probation violation: failure to obey all laws. At a contested evidentiary hearing, the court found the allegation true based on the testimony of a restaurant manager who identified Miguel as the individual who threw a brick through the front window of the restaurant. The incident resulted in $2,250 in damage to the window, a wall and a painting. The court continued Miguel on probation; reaffirmed the previously ordered conditions of probation; required 45 days of house supervision and imposed $2,250 in restitution as an additional condition of probation.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the relevant facts and proceedings at the juvenile court. Counsel presents no argument for reversal, but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25

Cal.3d 436.  Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel refers to one possible, but not arguable issue:  may a juvenile court impose restitution as a condition of probation where the underlying finding arises from a probation violation which requires proof by a preponderance of the evidence, not proof beyond a reasonable doubt?

We granted Miguel permission to file a brief on his own behalf.  He has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issue referred to by appellate counsel, has disclosed no reasonably arguable issue.  Competent counsel has represented Miguel on this appeal.

### DISPOSITION

The judgment is affirmed.


HALLER, Acting P. J.

WE CONCUR:


O'ROURKE, J.


AARON, J.